**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**OSWALD NEWBOLD, II,**

      **Plaintiff,**

**v.**                      **Case No. 4:19cv26-WS/CAS**

**LINDA SANTANA, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

On January 11, 2019, Plaintiff, a former prisoner proceeding pro se, filed a civil rights complaint (hereinafter "complaint") against five named Defendants, Santana, Bowden, Haynes, Brewster, and Bryan, in their official capacities. ECF No. 1. On May 3, 2019, the Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 12. Plaintiff filed a response in opposition on May 17, 2019. ECF No. 16.

**Background**

Plaintiff is a former prisoner who was in the custody of the Florida Department of Corrections from February 26, 1993, through January 17,

2017.[1]  Plaintiff's imprisonment arose from convictions in two separate

Leon County, Florida, criminal cases, summarized as follows:

> Petitioner was charged in case 91-3912 with one count of burglary of a dwelling with personal assault and one count of aggravated battery.  (Doc. 21 at 44-45.)  He was charged in case 91-4058 with one count of armed burglary of a dwelling with person assaulted, two counts of attempted first degree murder with a firearm, and one count of shooting within a dwelling.  (Doc. 21 at 33-34.)
>
> In case 91-3912, he pled no contest to the burglary charge and the State entered a nolle prosequi with respect to the aggravated battery charge.  (Doc. 21 at 46.)  In case 91-4058, Petitioner pled no contest to one count of attempted first degree murder with a firearm and to the negotiated amendment of the other attempted murder charge to the lesser included offense of aggravated battery with a firearm.  (Doc. 21 at 35.)  The State entered a nolle prosequi with respect to the burglary count and the shooting within a dwelling count.  (Doc. 21 at 32-55.)
>
> In case 91-3912, he was sentenced to a term of life imprisonment for the charge of burglary of a dwelling with person assaulted. (Doc. 21 at 48-52.)  In case 91-4058, he was sentenced to life imprisonment on the charge of attempted first degree murder and fifteen years imprisonment for the charge of aggravated battery with firearm.  (Doc. 21 at 37-41.)  The sentences all ran concurrently.  (Doc. 21 at 28-55.)
>
> Petitioner filed a motion for modification of sentence and amended sentencing order.  On February 15, 1993, the court granted his motion and amended his sentence to forty years imprisonment on the charge of attempted first degree murder, fifteen years imprisonment on the charge of aggravated battery with a firearm (to run consecutively to the forty year sentence),[2]

---

[1]  *See* Department of Corrections inmate release information detail at http://www.dc.state.fl.us/offenderSearch/ for Oswald Newbold.

[2]  Various explanations of the circuit court's amended sentences appear in the complaint, motion to dismiss, and case discussions.  Some state that the 40-year

and twelve years imprisonment on the charge of burglary of a
dwelling with person assaulted. (Doc. 21 at 53-55.) His total
sentence, after the modification, was fifty-five years
imprisonment. (Doc. 21 at 28-30.)

Newbold v. Sec'y, Fla. Dep't of Corr., No. 4:12cv307-WS, 2015 WL

3794934, at *2 (N.D. Fla. June 17, 2015) (denying petition for writ of

habeas corpus under 28 U.S.C. § 2254).

**The Complaint**

Plaintiff alleges that his sentences were audited and illegally

restructured in a manner that extended his incarceration beyond what the

sentences required. He alleges that he completed the 12-year sentence for

Count One in Case No. 91-3912 for burglary with a person assaulted on

March 31, 1998. He alleges that he completed the 40-year sentence in

Count Two of Case No. 91-4058 for attempted first-degree murder with a

firearm on April 30, 2010. ECF No. 1 at 4. This allegation is based on

_____

sentence was to precede the 15-year sentence and some state the opposite. However,
Plaintiff notes in his complaint that after his sentence was amended in 1993, the
sentence for Count Two, attempted first-degree murder in Case Number 91-4058, was
reduced to 40 years and ordered to run *consecutively* to the 15-year sentence for Count
Three, aggravated battery, in that case. The three-year sentence for Count Three in
Case Number 91-4058 was ordered to run *concurrently* with the sentence for Count
One in Case Number 91-3912, burglary with an assault, which was reduced to 12 years.
*See* ECF No. 1 at 22. This description of the amended sentences is in accord with the
circuit court order amending his sentences, which does not appear in the record of this
case but appears in Newbold, III v. Sec'y, Fla. Dept. of Corr., 4:12cv307-WS, ECF No.
21 at 53-55. The order granting in part Defendant's motion for modification of sentence,
states that the 12-year sentence is concurrent with the 15-year sentence and the 40-
year sentence is consecutive to the 15-year sentence.

Plaintiff's Exhibit B, ECF No. 1 at 28, which is a response from a Department of Corrections employee (illegible signature) that he received in 2010 to an inquiry about the status of his sentences. The response from the Department employee stated, apparently incorrectly, that his 15-year sentence was to follow his 40-year sentence. The response also stated that his 40-year sentence was completed on April 30, 2010.[3] Based on that response, Plaintiff alleges the only sentence left open was the 15-year sentence in Count Three of Case No. 91-4058 for aggravated battery with a firearm, which was concurrent with the 12-year sentence in Count One of Case No. 91-3912 and would have been completed on March 31, 1998, when the 12-year sentence was allegedly completed.

Plaintiff further alleges that during November and December of 2011, he noticed his tentative release date was increasing. ECF No. 1 at 23. He alleges that he filed an inmate grievance contesting the alteration of his tentative release date and filed an appeal of the denial of the grievance, which was denied on January 30, 2012. *Id.* at 24. He alleges that a

---

[3] The response dated May 17, 2010, indicated that in Case No. 91-3912, the 12-year sentence ended on March 31, 1998; and that in Case No. 91-4058, the 40-year sentence ended on April 30, 2010, and the 15-year sentence had 3636 days left to serve. ECF No. 1 at 28. However, as noted earlier, the 40-year sentence was to run consecutive to the 15-year sentence. *See* supra note 2.

petition for writ of habeas corpus filed in the circuit court in Palm Beach County was denied on March 2, 2012. *Id.*

Plaintiff alleges that he filed a petition for writ of habeas corpus seeking release from custody in the federal court, Gainesville Division, on May 23, 2012, which was transferred to the Tallahassee Division and docketed as Case No. 4:12cv307-WS. *Id.* at 25.[4]  On June 17, 2015, the petition was denied for failure to allege a claim cognizable on federal habeas review.[5]

Plaintiff alleges that on January 3, 2017, he was granted 330 days of restored gain time. ECF No. 1 at 25.  He alleges he was released from prison on January 17, 2017. *Id.*  He argues that at a minimum he was required to serve 16 additional days in that he should have been released no later than January 1, 2017, but was not released until January 17, 2017. ECF No. 1 at 6 (citing Exhibit D, ECF No. 1 at 32 showing a tentative release date of January 1, 2017).  At a maximum, he alleges, his incarceration should have ended on April 30, 2010, when he contends the 40-year sentence ended. *Id.* at 2.

---

[4] The records of Plaintiff's prior proceedings in state circuit or appellate courts, and in the administrative grievance process in the Florida Department of Corrections have not been filed in this case.

[5] *See* Newbold, II v. Sec'y, Fla. Dept. of Corr., No. 4:12cv307-WS, 2015 WL 3794934, *4 (N.D. Fla. Jun. 17, 2015).

Plaintiff makes specific allegations as to each defendant.  As to Defendant Linda Santana, Plaintiff alleges that Santana, acting in her official capacity as a Correctional Services Consultant for the Florida Department of Corrections, improperly and with deliberate indifference, restructured his 40-year sentence on Count Two in case number 91-3912 on November 16, 2011, to require continued incarceration even though, he alleges, he had completed that sentence on April 10, 2010.  ECF No. 1 at 3-6.  He also alleges that his 12-year sentence and 15-year sentence for Count Three should have been completed a decade ago.  *Id.* at 5.  Plaintiff further alleges as to Defendant Santana on the day he was released on January 17, 2017, Santana attempted to change his sentence again because the Department of Corrections Headquarters realized they "had messed up again."  *Id.* at 6.  He alleges that these actions by Santana resulted in false imprisonment and a violation of his right to equal protection.  *Id.*

Defendant alleges that Defendant Toni Bowden, acting in her official capacity as a Senior Management Analyst II for the Department of Corrections, directly or indirectly, with deliberate indifference, illegally deprived Plaintiff of his liberty by denying Plaintiff's grievance appeal related to his sentence calculation.  ECF No. 1 at 7-8.  He alleges that

these actions resulted in false imprisonment and a violation of his

constitutional right to equal protection.  *Id.* at 8.

He alleges that Defendant Stacey Haynes, acting in her official

capacity as a Correctional Services Consultant for the Florida Department

of Corrections, acted directly or indirectly, with deliberate indifference, to

illegally detain Plaintiff beyond his legal sentence by signing off on the

denial of Plaintiff's grievance appeal of his sentencing complaints.  *Id.* at

10.  Plaintiff also alleges that Defendant Haynes submitted an affidavit on

January 11, 2012, in circuit court case number 502011CA015869XXXXMB

in Palm Beach County in regard to Plaintiff's petition for writ of habeas

corpus.  *Id.* at 10-11.  He alleges that these actions resulted in false

imprisonment and a violation of his right to equal protection.  *Id.* at 11-12.

Plaintiff alleges that Defendant Beverly Brewster, in her official

capacity as Senior Attorney in the Office of the General Counsel for the

Florida Department of Corrections, directly or indirectly, with deliberate

indifference, wrongfully attempted to justify, and therefore allowed, the

unconstitutional and illegal decisions made by Santana, Bowden, and

Haynes.  *Id.* at 13-14.  He alleges that these actions resulted in false

imprisonment and a violation of his right to equal protection.  *Id.* at 14-15.

Finally, Plaintiff alleges that Defendant Jeffery Bryan, in his official capacity as a Correctional Services Administrator for the Florida Department of Corrections, either directly or indirectly, with deliberate indifference, supported Plaintiff's false imprisonment and the illegal actions of Defendant Santana by submitting an affidavit against Plaintiff in his federal petition for writ of habeas corpus, No. 4:12cv307-WS-GRJ. ECF No. 1 at 16-17. Plaintiff alleges that the affidavit was also submitted by Defendant Brewster in the Department's response in a court proceeding. *Id.* at 17. He alleges that these actions resulted in false imprisonment and a violation of his right to equal protection. *Id.* at 17, 23.

Plaintiff seeks compensatory damages from each defendant of $300,000 as well as interest, costs, and attorney's fees. *Id.* at 18-19.

**The Motion to Dismiss**

Defendants move to dismiss the civil rights complaint on the ground that it is time-barred by the statute of limitations for personal injury actions, which in this case is four years from the date that the Plaintiff knew or should have known he suffered the constitutional injury and knew who inflicted the injury. ECF No. 12 at 7. Defendants argue that Plaintiff alleges his sentence was wrongfully recalculated in 2011 and 2012 and that his "false imprisonment" began on April 30, 2010. Defendants also

allege that Plaintiff knew or should have known of the alleged injury and who inflicted it when he was served a motion to dismiss his petition for writ of habeas corpus by the Department of Corrections in his Palm Beach County, Florida, case on January 11, 2012.  ECF No. 12. at 7-8.

Defendants also move to dismiss on the basis of res judicata.  *Id.* at 8.  They allege that there are multiple final rulings on the merits of Plaintiff's challenge to the calculation of his sentence, which is the factual predicate to all his claims against Defendants.  *Id.* at 11.

Defendants move to dismiss the complaint on the grounds that it fails to show any constitutional violation.  *Id.* at 14.  They contend that in Plaintiff's equal protection claim, he failed to allege any facts that support a claim for violation of equal protection, but attempts to couch state law claims in terms of constitutional claims. *Id.* at 15.  Defendants Haynes and Bowden move to dismiss the claims against them on the ground that a § 1983 claim cannot be predicated on denial of grievances.

Defendants move to dismiss any claim for the state tort of false imprisonment as a result of incorrect calculation of sentence because he fails to allege facts establishing the elements of false imprisonment: (1) unlawful detention; (2) against the person's will; (3) without legal

authority or color of authority; and (4) which is unreasonable and unwarranted under the circumstances.  *Id.* at 17-18.

Finally, Defendants move to dismiss the claims for monetary damages against them on the ground that they have Eleventh Amendment Immunity.  *Id.* at 19.

**Response to Motion to Dismiss**

Plaintiff responds to the motion to dismiss and contends that he is "not arguing what sentences were imposed."  ECF No. 16 at 3, 10.  He contends that Defendants' actions resulted in his illegal incarceration past the time his sentence was served and states a cause of action for false imprisonment and deprivation of liberty.  *Id.* at 3-5.

Plaintiff contends the claims are not time-barred because his release date of January 17, 2017, and his filing date of January 11, 2019, show the claim is timely.  *Id.*at 7.  He contends res judicata does not apply to require dismissal because he was held, at a minimum for 16 additional days beyond his proper release date, and that was not previously litigated. Plaintiff contends that res judicata cannot apply because he is not arguing what sentences were imposed.  *Id.* at 10.  He argues that the circuit court of Palm Beach County, where he filed a petition for writ of habeas corpus, did not have subject matter jurisdiction to hear the claim when it ruled

against him, and that the federal court in case number 4:12cv307-WS/GRJ, did not rule on the merits but denied the § 2254 petition for lack of cognizability of the claim. *Id.* at 8.

He argues that he has stated a claim for violation of equal protection because other persons similarly situated are released from incarceration when the sentence is completed, whereas he contends he was not. *Id.* at 11. He argues that he should have been released on January 1, 2017, but was not released until January 17, 2017. *Id.* He contends he has stated facts showing a false imprisonment under Florida law. *Id.* at 11-12.

Finally, Plaintiff contends that he may sue for monetary damages because "none of the named Defendants hold a position that is granted immunity; therefore, they can be found liable in his or her official capacity." *Id.* at 12-13.

## Standard of Review

In determining if a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted the Court must determine if the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41 (1957)). A complaint's well-pleaded facts must be accepted as true when

ruling on a motion to dismiss, Am. United Life Ins. Co. v. Martinez, 480

F.3d 1043, 1057 (11th Cir. 2007), and dismissal is not permissible because

of "a judge's disbelief of a complaint's factual allegations." Twombly, 355

U.S. at 556 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A

motion to dismiss is not the vehicle by which the truth of a plaintiff's factual

allegations should be judged. Instead, "federal courts and litigants must

rely on summary judgment and control of discovery to weed out

unmeritorious claims sooner rather than later." Leatherman v. Tarrant Cty.

Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993).

    "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

Twombly, 550 U.S. at 570). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Iqbal,

556 U.S. at 677 (citing Twombly, 550 U.S. at 556); see also Speaker v.

U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The

plausibility standard" is not the same as a "probability requirement," but

"asks for more than a sheer possibility that a defendant has acted

unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556). A

complaint that "pleads facts that are 'merely consistent with' a defendant's liability, 'stops short of the line between possibility and plausibility.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests. *See* Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005). Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

**Analysis**

**Time Bar**

The statute of limitations for this § 1983 action is four years. *See* Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) (explaining that

section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years); *see* Fla. Stat. § 95.11(3)(p).  The accrual date of a cause of action under § 1983 is a question of federal law.  Wallace v. Kato, 549 U.S. 384, 387 (2007).  The limitation period begins when plaintiff knew or should have known (1) that he suffered an injury that forms the basis for the complaint and (2) who has inflicted the injury.  Chappell, 340 F.3d at 1283.

Plaintiff's claims are contradictory to the extent that he contends that his false imprisonment and other constitutional deprivations occurred in 2010 when, he argues, all his sentences were completed.  Yet, he also argues that the deprivation occurred on January 1, 2017, when he should have been released but remained incarcerated until January 17, 2017.  He filed this complaint on January 11, 2019, which is within four years from the January 2017 deprivation, but is not within four years of April 30, 2010.

Plaintiff was aware of his alleged wrongful over-detention and the officials responsible as early as 2011 and 2012.  This is so because in 2011 he was filing grievances, motions to correct sentence, and a state court petition for writ of habeas corpus alleging his sentence was wrongfully "re-structured" by Defendant Santana.  ECF No. 1 at 4-5, 23-24.  Plaintiff's grievance appeal was denied in January 2012 by Defendants Bowden and

Haynes.  ECF No. 1 at 24.  He alleges his state court habeas petition was denied on March 2, 2012.  *Id.* at 24.  Plaintiff's § 2254 habeas petition was filed on June 22, 2012, and was defended by Defendant Brewster, with a supporting affidavit signed by Defendant Bryan.  *Id.* at 13, 23, 25.  Thus, according to Plaintiff's own allegations, he was asserting a claim for being held beyond his sentence in 2011 and 2012.  Plaintiff's claims for false imprisonment and other constitutional deprivations that are alleged to have occurred in 2010, 2011, or 2012 should be dismissed based on the four-year statute of limitation.

Only remaining is Plaintiff's claim that he was deprived of his constitutional rights because he should have been released on January 1, 2017, but was incarcerated until January 17, 2017.  *Id.* at 6.  He states,

> [P]rior to being released on January 17, 2017, statutory gain time shows Plaintiff was supposed to be released on January 1, 2017, but the Department of Corrections once again unlawfully held Plaintiff beyond his time.  On the day Plaintiff was finally released, prison guards at Sago Palm Reentry Center would not release Plaintiff due to Linda Santana attempting to change Plaintiff's sentence again because the Department of Corrections Headquarters realized that they had messed up again.

*Id.*  Although this claim is not time barred by the statute of limitations, it fails to state a cause of action for a constitutional violation.  Plaintiff's conclusory, vague, and confusing allegations fail to allege facts that

establish he was incarcerated beyond his legally imposed sentence and

further fail to allege facts establishing that any Defendant was personally

involved in deliberately indifferent acts or omissions leading to his over-

detention.  He alleges that Defendant Santana attempted to alter his

release date, but only because of an error committed by "Department of

Corrections Headquarters."  This fails to allege the necessary elements of a

constitutional claim for over-detention, which requires facts establishing

that a defendant acted with deliberate indifference to bring about an over-

detention.[6]  Deliberate indifference necessary to establish a constitutional

violation cannot be proven by facts showing only commission of an error.

*See, e.g.*, Whitley v. Albers, 475 U.S. 312, 319 (1986) ("It is obduracy and

wantonness, not inadvertence or error in good faith, that characterize the

conduct prohibited by the Cruel and Unusual Punishments Clause, whether

that conduct occurs in connection with establishing conditions of

---

[6] Courts in this circuit have evaluated over-detention claims under both the Fourteenth Amendment right to due process and the Eighth Amendment right to be free from cruel and unusual punishment.  *See, e.g.* West v. Tillman, 496 F.3d 1321, 1327 (11th Cir. 2007) (reviewing continued detention beyond proper release date for potential Fourteenth Amendment due process violation); McCurry v. Moore, 242 F. Supp. 2d 1167, 1179 (N.D. Fla. 2002) (over-detention claim by a sentenced prisoner should arise under Eighth Amendment).  In order to state a claim for the violation of either right, Plaintiff must plead facts making it plausible that the individual defendants acted with deliberate indifference to his rights.  *Id.* at 1180; West, 496 F.3d at 1327.  Further, under either a due process or Eighth Amendment analysis, "[t]he threshold for liability . . . is the same," the Plaintiff must establish subjective culpability on the part of the Defendant.  McCurry, 242 F.Supp.2d at 1180

confinement, supplying medical needs, or restoring official control over a tumultuous cellblock."). The Department of Corrections has authority to correct errors in calculating a tentative release date, even if such correction results in a longer sentence than expected. *See, e.g.,* Sullivan v. Jones, 165 So. 3d 26, 29-30 (Fla. 1st DCA 2015); Vereen v. State, 784 So. 2d 1183, 1184-85 (Fla. 5th DCA 2001).

As to the allegations of constitutional deprivation in 2017, Plaintiff alleged only an error by the Department of Corrections and further failed to identify any Defendant responsible. Accordingly, Plaintiff's claim for constitutional deprivation occurring in 2017 should be dismissed for failure to state a cause of action. The motion to dismiss claims of a constitutional violation for over-detention should be granted and the claims should be dismissed.

### Constitutional Violation

Defendants Haynes and Bowden also move to dismiss the constitutional claims against them on the ground that § 1983 liability cannot be predicated on the denial of grievances. *See* Magwood v. Fla. Dep't of Corr., No. 3:12cv14/MCR/CJK, 2012 WL 5279178, at *4 (N.D. Fla. Oct. 11, 2012), *report and recommendation adopted*, No. 3:12cv14/MCR/CJK, 2012 WL 5279170 (N.D. Fla. Oct. 25, 2012) (stating that filing a grievance with a

supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied). Merely signing or denying a grievance does not create liability where the signer had no personal involvement in the alleged violations. "The fact that these Defendants denied his grievance . . . does not, alone, make them liable for the conduct resulting in the grievance (or the disciplinary action), even if the grievance is denied." Tucker v. Jones, No. 5:17cv280-MCR-HTC, 2019 WL 4396151, at *7 (N.D. Fla. June 19, 2019),[7] *report and recommendation adopted as modified*, No. 5:17cv280-TKW, 2019 WL 4394746 (N.D. Fla. Sept. 13, 2019).

Even if claims against Defendants Haynes and Bowden were not time barred, Plaintiff fails to allege any facts that demonstrate Defendants Haynes and Bowden were personally involved, beyond denying a grievance, in any constitutional violation alleged by Plaintiff. For these

_____

[7] Citing Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); Grinter v. Knight, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999)); Lomholt v. Holder, 287 F.3d 683, 683 (8th Cir.2002) (holding that defendants' denial of plaintiff's grievances did not state a substantive constitutional claim); Rickerson v. Gills, No. 5:11cv279/MP/GRJ, 2012 WL 1004733, at *3 (N.D. Fla. Feb. 8, 2012) (finding prisoner failed to state § 1983 claim against prison official whose sole involvement was to review and deny plaintiff's administrative grievance at the DOC Secretary's level of review), *Report and Recommendation adopted*, 2012 WL 1004724 (N.D. Fla. Mar. 22, 2012).

reasons, the motion to dismiss claims against Defendants Haynes and Bowden should be granted and those claims dismissed.

### State Tort Claim

Defendants move to dismiss Plaintiff's state tort claim of false imprisonment and contends that Plaintiff cannot show the detention was unlawful or without legal authority.  The Florida tort of false imprisonment is the unlawful restraint and deprivation of liberty of a person against their will and without color of legal authority.  *See* Johnson v. Barnes & Noble Booksellers, Inc., 437 F.3d 1112, 1116 (11th Cir. 2006); Montejo v. Martin Mem'l Med. Ctr., Inc., 935 So. 2d 1266, 1268 (Fla. 4th DCA 2006).  "The elements of a cause of action for false imprisonment have been stated in various ways by Florida courts, but, essentially, all have agreed that the elements include: 1) the unlawful detention and deprivation of liberty of a person 2) against that person's will 3) without legal authority or 'color of authority' and 4) which is unreasonable and unwarranted under the circumstances."  Montejo, 935 So. 2d at 1268-69 (citing Johnson v. Weiner, 19 So. 2d 699, 700 (1944)); Jackson v. Navarro, 665 So. 2d 340, 341 (Fla. 4th DCA 1995); Everett v. Fla. Inst. of Tech., 503 So. 2d 1382, 1383 (Fla.

5th DCA 1987); <u>Kanner v. First Nat'l Bank of S. Miami</u>, 287 So. 2d 715, 717 (Fla. 3d DCA 1974).

The Florida Supreme Court has explained that if a challenged detention or imprisonment is under legal authority it cannot be false. *See* <u>Johnson</u>, 19 So. 2d at 700. The element of legal authority may be demonstrated by irregular or voidable process, but " '[v]oid process will not constitute legal authority within this rule.' " <u>Montejo</u>, 935 So. 2d at 1269 (citing <u>Johnson</u>, 19 So. 2d at 700 (emphasis added)). The complaint alleges that Plaintiff was incarcerated pursuant to judgment and sentences of the state court. He has alleged nothing to suggest that his judgment and sentences were invalid or without legal authority. Under Florida law, prison officials' interpretation and implementation of a legally imposed sentence has been held to constitute acting with the color of authority and a basis on which to dismiss a claim of false imprisonment. <u>Whipple v. Dep't of Corr., State</u>, 892 So. 2d 554, 558 (Fla. 3d DCA 2005).

Plaintiff alleges that each Defendant, while acting in his or her official capacity and under color of state law, miscalculated his release date or took other actions in an attempt to implement his sentences ordered by the trial court and, in doing so, required his incarceration past the date he alleges he should have been released. ECF No. 1 at 3-4, 7, 9, 12, 16.

Plaintiff alleges no facts to support his conclusory allegation that he was imprisoned without legal authority or color of authority.  There are no allegations which show any actions taken by the named Defendants were unreasonable or unwarranted under the circumstances, as required by Florida law to state the intentional tort of false imprisonment.  Plaintiff alleged only that a miscalculation was made.

Because Plaintiff was incarcerated pursuant to a state sentence and, thus, under color of state law, the Complaint fails to state a cause of action for the state tort of false imprisonment.  Moreover, because the undersigned recommends that all Plaintiff's claims be dismissed on various grounds, the Court in its discretion may decline to exercise jurisdiction over any state law claim of false imprisonment.  *See* 28 U.S.C. § 1367(c)(3). For all these reasons, Plaintiff's state tort claim of false imprisonment should be dismissed.

**Eleventh Amendment Immunity**

Defendants move to dismiss the claims for monetary damages based on Eleventh Amendment Immunity.[8]  Plaintiff sues the Defendants only in

---

[8] Although the motion to dismiss states that Defendants "invoke Eleventh Amendment immunity and qualified immunity from the Plaintiff's request for monetary relief," the pleadings are clear that Defendants are sued solely in their official capacities and Defendants' argument relates only to Eleventh Amendment immunity.  *See* ECF

their official capacity.  Absent limited exceptions, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment.  Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); *see also* Kentucky v. Graham, 473 U.S. 159, 169 (reiterating that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court.").  That "bar remains in effect when State officials are sued for damages in their official capacity."  *Id.*; *see also* Odebrecht Const., Inc. v. Secretary, Fla. Dep't of Transp., 715 F.3d 1268, 1289 (11th Cir. 2013) (same).

There are three exceptions to Eleventh Amendment immunity.  The first two exceptions are through waivers of sovereign immunity.  *See* Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985); Gamble v. Florida Dep't of Health and Rehab. Servs., 779 F.2d 1509, 1511 (11th Cir. 1986).  Waiver by either the State or Congress may override a state's immunity pursuant to its power under § 5 of the Fourteenth Amendment. Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank, 527 U.S. 627, 635 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55 (1996).  Congress did not abrogate a state's immunity when it enacted

---

No. 12 at 19-20.  Qualified immunity protects public officials sued in their individual capacities for monetary damages.  Brandon v. Holt, 469 U.S. 464, 472-73 (1985).

§ 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979); Edelman v. Jordan, 415 U.S. 651, 676-77 (1974); Odebrecht Const., Inc., 715 F.3d at 1289. Nor has Florida waived its immunity and consented to suit in federal court under § 1983. Gamble, 779 F.2d at 1520.

A third exception is found under Ex parte Young, 209 U.S. 123 (1908). The Ex parte Young exception holds that a state official who enforces state law which conflicts with the superior authority of the federal Constitution is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." *Id.* at 159-60. *See also* Virginia Office for Protection and Advocacy v. Stewart, 563 U.S. 247, 254 (2011). Determining whether this exception applies requires answering a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* at 255 (citations omitted). Plaintiff has not made a request for prospective injunctive relief, nor could he because he is no longer incarcerated and would not benefit from any relief requested. Plaintiff's complaint is based on factual allegations which occurred prior to his release from custody in January 2017, and there are no allegations of ongoing issues.

Because Plaintiff's claims are time barred or barred for failure to state a cause of action, amendment of the claim to avoid the Eleventh Amendment immunity bar would be futile. *See, e.g.,* Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (amendment of complaint need not be allowed where amendment would be futile); Cox v. Mills, 465 F. App'x 885, 889 (11th Cir. 2012) (unpublished) ("An amendment is futile where the complaint as amended would still be subject to dismissal."). Accordingly, Defendants' motion to dismiss the claims for monetary damages pursuant to Eleventh Amendment immunity should be granted and the claims should be dismissed.

**Res Judicata**

Defendants move to dismiss the claims based on res judicata, arguing that Plaintiff raised the same claim—that being "one that arises out of the same nucleus of operative fact, or is based on the same factual predicate"—in state court and obtained multiple adverse final rulings on the merits. ECF No. 12 at 11 (quoting Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1239 (11th Cir. 1999)). In making this argument, Defendants argue that the nucleus of operative fact is the calculation of Plaintiff's sentence. *Id.* Defendants refer the Court to two state court proceedings—Palm Beach County circuit court case number 2011CA15869 and Leon County

circuit court case number 2015CA2200. ECF No. 12 at 8. The relevant documents necessary to determine if res judicata applies to require dismissal of this case are not before the Court, but it is not necessary for the Court to reach this issue. As discussed above, the claims are either time barred, fail to state a cause of action, or are barred by Eleventh Amendment immunity and should be dismissed.

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion of Defendants, ECF No. 12, to dismiss Plaintiff's complaint, ECF No. 1, be **GRANTED** as follows:

**A.** The Defendants' motion to dismiss § 1983 claims pursuant to the statute of limitations for constitutional violations that are alleged to have occurred in 2010, 2011, and 2012, should be **GRANTED** and the claims should be **DISMISSED** as time barred;

**B.** The Defendants' motion to dismiss Plaintiff's claim that he was unconstitutionally incarcerated after January 1, 2017, should be **GRANTED** and the claim should be **DISMISSED** for failure to state a cause of action;

**C.** The Defendants' motion to dismiss Plaintiff's state tort claim of false imprisonment should be **GRANTED** and the claim should be **DISMISSED** for failure to state a cause of action;

**D.** The Defendants' motion to dismiss claims for monetary damages should be **GRANTED** and the claims for monetary damages against all Defendants should be **DISMISSED** based on Eleventh Amendment immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii);

**E.** It is further **RECOMMENDED** that the order adopting this report and recommendation direct the Clerk of the Court enter judgment accordingly, terminate all deadlines, and note on the docket that this cause was dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii).

**IN CHAMBERS** at Tallahassee, Florida, on January 8, 2020.

**s/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**